484 F.Supp.2d 1355 (2007)
In re MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION.
John G. Migliaccio, et al.
v.
Midland National Life Insurance Co., et al., C.D. California, C.A. No. 2:06-1007
Mary H. Bendzak
v.
Midland National Life Insurance Co., S.D. Iowa, C.A. No. 4:05-649
No. 1825.
Judicial Panel on Multidistrict Litigation.
May 2, 2007.
Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA,[*] Judges of the Panel.

*1356 TRANSFER ORDER

WM. TERRELL HODGES, Chairman.
This litigation currently consists of two actions, one action each in the Central District of California and the Southern District of Iowa. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by the Iowa plaintiff seeking coordinated or consolidated pretrial proceedings of these actions in the Southern District of Iowa.[1] Defendants Midland National Life Insurance Co. (Midland National) and its parent company, Sammons Financial Group, Inc., do not oppose the motion. The California plaintiffs agree that centralization is appropriate, but suggest selection of the Central District of California as transferee district.
On the basis of the papers filed and hearing session held, the Panel finds that both actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share allegations that Midland National employed deceptive practices in the marketing and sale of deferred annuities to senior citizens. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.
Although either of the suggested districts would be an appropriate transferee forum for this litigation, the Panel has selected the Central District of California, because the California action appears to be slightly broader and somewhat more procedurally advanced than the Iowa action.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Southern District of Iowa is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Christina A. Snyder for coordinated or consolidated pretrial proceedings with the action pending there.
NOTES
[*] Judge Scirica took no part in the decision of this matter.
[1] At the Panel's hearing session, movant asked to withdraw her Section 1407 motion insofar as it relates to an additional action, Leatrice C. Yokoyama, et al. v. Midland National Life Insurance Co., D. Hawaii, C.A. No. 1:05-303. All responding parties acquiesced to this request. Accordingly, this action is not included in MDL-1825 proceedings.